1  **ANDREW RAUCH, APC**
   A Professional Law Corporation
2  Andrew K. Rauch (SBN 137657)
   12526 High Bluff Drive, Suite 300
3  San Diego, CA 92130
4  Telephone: (619) 515-1140
   Facsimile: (619) 235-9100
5  Email: rauch@rauchapc.com

6  Attorneys for Defendant,
7  SANTA SUSANA GRF2, LLC

8

9                **UNITED STATES DISTRICT COURT**

10               **CENTRAL DISTRICT OF CALIFORNIA**

11

12  ANTHONY BOUYER, an individual,          Case No.: 2:21-cv-00576-PA-JPR

13                Plaintiff,                **MEMORANDUM IN SUPPORT OF DEFENDANT SANTA SUSANA GRF2, LLC'S MOTION TO DISMISS SECOND CAUSE OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

14       v.

15  SANTA SUSANA GRF2, LLC, a
    Delaware limited liability company; and
16  DOES 1 to 10, inclusive,

17                Defendants.              Date:      April 5, 2021
                                           Time:      1:30 p.m.
18                                         Judge:     Hon. Percy Anderson
                                           Courtroom: 9A
19

20

21

22

23

24

25

26

27
                                    1
28  **MEMORANDUM IN SUPPORT OF DEFENDANT SANTA SUSANA GRF2, LLC'S MOTION TO DISMISS SECOND CAUSE OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

# **TABLE OF CONTENTS**

**Page**

## **Contents**

I.   INTRODUCTION ........................................................ 6

II.  STATEMENT OF RELEVANT FACTS ....................................... 6

III. LEGAL STANDARD ...................................................... 8

IV.  ARGUMENT ........................................................... 10

    A.   Plaintiff's State Law Claims for Monetary
       Damages Predominate Over the Claim
       for Federal Injunctive Relief ................................... 10

    B.   Exceptional Circumstances and Compelling
       Reasons Justify Declining Supplemental
       Jurisdiction under 28 U.S.C. § 1367(c)(4) ....................... 13

         i.   California's Interest in Interpreting
           and Enforcing Novel Procedural Rules
           Presents a Compelling Reason for
           Declining Supplemental Jurisdiction ....................... 13

         ii.  California's Interest in Protecting its
           Businesses and Citizens Presents a
           Compelling Reason to Decline
           Supplemental Jurisdiction ................................. 16

        iii. This Court's Interest in Discouraging
           Forum Shopping Justifies Declining
           Supplemental Jurisdiction ................................. 18

V.   CONCLUSION ......................................................... 21

2

**MEMORANDUM IN SUPPORT OF DEFENDANT SANTA SUSANA GRF2,
LLC'S MOTION TO DISMISS SECOND CAUSE OF ACTION FOR LACK
OF SUBJECT MATTER JURISDICTION**

1

2

## **TABLE OF AUTHORITIES**

3

**Page(s)**

**Cases**

4

5

*Aguirre v. Morales,*
6
    No. SACV-20-01663-CJC-(ADSx),
    2020 U.S. Dist. LEXIS 220451 (C.D. Cal. 2020) .............................. 13, 14, 16

7

*Brooke v. Grand Pac. Carlsbad LP,*
8
    No. 20-cv-1212-CAB-MSB,
9
    2020 U.S. Dist. LEXIS 115189 (S.D. Cal. 2020) ........................................... 17

10

*Carnegie-Mellon Univ. v. Cohill,*
11
    484 U.S. 343 (1988) ....................................................................................... 9

12

*City of Chicago v. Int'l Coll. of Surgeons,*
13
    522 U.S. 156 (1997) ....................................................................................... 9

14

*Executive Software N. Am. Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.,*
15
    24 F.3d 1545 (9th Cir. 1994) .......................................................................... 9

16

*Fernandez v. Mw Cell Reit 1 Llc,*
17
    No. 2:19-cv-02388-VAP-PJWx,
18
    2019 U.S. Dist. LEXIS 233062 (C.D. Cal. 2019) ............ 14, 16, 17, 18, 19, 20

19

*Johnson v. Guedoir,*
20
    218 F.Supp.3d 1096 (E.D. Cal. 2016) ......................................................... 11

21

*Kokkonen v. Guardian Life Ins. Co.,*
22
    511 U.S. 375 (1994) ....................................................................................... 9

23

*Molski v. EOS Estate Winery,*
24
    No. CV 03-5880-GAF,
25
    2005 U.S. Dist. LEXIS 39936 (C.D. Cal. 2005) ............................ 10, 11, 12

26

/ / /

27

/ / /

28

**MEMORANDUM IN SUPPORT OF DEFENDANT SANTA SUSANA GRF2,
LLC'S MOTION TO DISMISS SECOND CAUSE OF ACTION FOR LACK
OF SUBJECT MATTER JURISDICTION**

*Molski v. Hitching Post I Rest., Inc.,*
    No. CV 04-1077 SVW (RNBx),
    2005 U.S. Dist. LEXIS 39959 (C.D. Cal. 2005) ........................................ 10

*Org. for the Advancement of Minorities v. Brick Oven Rest.,*
    406 F.Supp.2d 1120 (S.D. Cal. 2005) ................................................ 10, 19

*Schutza v. Alessio Leasing, Inc.,*
    No. 18cv2154-LAB (AGS),
    2019 U.S. Dist. LEXIS 60152 (S.D. Cal. 2019) ................................. 10, 15

*Schutza v. Cuddeback,*
    262 F.Supp.3d 1025 (S.D. Cal. 2017) ........................................... 10, 19, 20

*San Pedro Hotel Co., Inc. v. City of L.A.,*
    159 F.3d 470 (9th Cir. 1998) ......................................................... 9

*Wander v. Kaus,*
    304 F.3d 856 (9th Cir. 2002) ........................................................ 12

**Statutes**

28 U.S.C. § 1367(a) ..................................................................... 8, 17

28 U.S.C. § 1367(c) ....................................................................... 9

28 U.S.C. § 1367(c)(2) ................................................................... 13

28 U.S.C. § 1367(c)(4) ................................................ 15, 17, 19, 20, 21

Fed. R. Civ. Proc. 12(b)(1) ............................................................. 8

Fed. R. Civ. Proc. 12(h)(3) ............................................................. 8

Cal. Civ. Code § 52(a) ............................................................... 7, 11

Cal. Code Civ. Proc. § 425.50 ................................................ 13, 15, 16

Cal. Code Civ. Proc. § 425.50(a) ..................................................... 12

4

**MEMORANDUM IN SUPPORT OF DEFENDANT SANTA SUSANA GRF2, LLC'S MOTION TO DISMISS SECOND CAUSE OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

Cal. Code Civ. Proc. § 425.50(a)(1) ...................................................... 13

Cal. Code Civ. Proc. § 425.50(a)(2) ...................................................... 13

Cal. Code Civ. Proc. § 425.50(a)(3) ................................................ 12, 13

Cal. Code Civ. Proc. § 425.50(a)(4) ................................................ 14, 16

Cal. Code Civ. Proc. § 425.50(a)(4)(A) ........................................... 12, 14

Cal. Code Civ. Proc. § 425.50(a)(4)(B) ...................................... 12, 14, 20

Cal. Code Civ. Proc. § 425.50(b) ......................................................... 12

Cal. Code Civ. Proc. § 425.50(b)(1) ................................................ 12, 13

Cal. Code Civ. Proc. § 425.50(b)(2) ..................................................... 14

Cal. Code Civ. Proc. § 425.55 (a)(2) .................................................... 16

Cal. Code Civ. Proc. § 425.55(b)(1) .......................................... 12, 14, 20

Cal. Gov. Code § 70616.50 ................................................................. 14

**MEMORANDUM IN SUPPORT OF DEFENDANT SANTA SUSANA GRF2, LLC'S MOTION TO DISMISS SECOND CAUSE OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.   INTRODUCTION

3        Defendant Santa Susana GRF2, LLC (hereinafter referred to as "Defendant"),

4   by and through its counsel of record, hereby moves this Court for an order dismissing

5   Plaintiff Anthony Bouyer's (hereinafter referred to as "Plaintiff") second cause of

6   action, for violations of California's Unruh Civil Rights Act (hereinafter referred to

7   as the "Unruh Act"), for lack of subject matter jurisdiction. Plaintiff was only able to

8   file this claim in federal court by also alleging a claim for federal injunctive relief

9   under the Americans with Disabilities Act (hereinafter referred to as the "ADA").

10  However, in light of the monetary relief sought by Plaintiff, his Unruh Act claim

11  substantially predominates over his ADA claim. Moreover, the State of California's

12  strong interest in interpreting and applying its heightened pleading requirements for

13  claims brought under the Unruh Act, along with its strong interest in protecting its

14  businesses and business owners from vexatious litigation, presents compelling

15  reasons for this Court to decline to exercise supplemental jurisdiction over Plaintiff's

16  state law cause of action. This Court's interest in discouraging forum-shopping

17  further justifies declining supplemental jurisdiction. Accordingly, and for the reasons

18  outlined herein, this Court should decline supplemental jurisdiction over Plaintiff's

19  Unruh Act claim, and grant Defendant's present motion to dismiss such claim for

20  lack of subject matter jurisdiction.

21

### II.   STATEMENT OF RELEVANT FACTS

22       On January 21, 2021, Plaintiff filed the operative complaint, entitled

23  "Complaint For Damages And Injunctive Relief For: 1. VIOLATIONS OF THE

24  AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181 *et seq*. as

25  amended by the ADA Amendments Act of 2008 (P.L. 110-325). 2. VIOLATIONS

26  OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq*."

27

28

**MEMORANDUM IN SUPPORT OF DEFENDANT SANTA SUSANA GRF2,
LLC'S MOTION TO DISMISS SECOND CAUSE OF ACTION FOR LACK
OF SUBJECT MATTER JURISDICTION**

(hereinafter referred to as the "Complaint") against Defendant. Defendant was personally served with a copy of the Complaint on January 28, 2021.

The Complaint identifies one (1) accessibility barrier that Plaintiff claims to have encountered while allegedly visiting Defendant's business, on or about January 8, 2021, to buy scotch tape and ensure Defendant's compliance with accessibility laws. (Complaint, ¶¶ 9-11.) Plaintiff alleges two (2) causes of action based thereon. (*See generally*, Complaint.) The first cause of action is brought under the ADA, and seeks injunctive relief, attorneys' fees, and litigation costs and expenses. (*Id*.) Plaintiff's second cause action seeks actual damages, statutory damages, attorneys' fees, and litigation costs and expenses under the Unruh Act. (*Id*.) Specifically, Plaintiff seeks monetary damages of no less than $8,000.00 for each violation of the Unruh Act ($4,000.00 per violation pursuant to California Civil Code section 52(a); $4,000.00 per violation as "deterrence damages"). (Complaint, Prayer ¶¶ 2-3.) Plaintiff asserts that this Court has supplemental jurisdiction over his Unruh Act claim. (Complaint, ¶ 7.)

Although the Complaint specifically identifies one (1) alleged accessibility barrier, Plaintiff also asserts the existence of additional barriers which affect him personally, "[s]ubject to the reservation of rights to assert further violations [] after a site inspection...." (Complaint, ¶ 15.) Plaintiff similarly alleges, based on information and belief, that there are other accessibility barriers at Defendant's business. (Complaint, ¶ 27.) Plaintiff further states his intention to amend the Complaint to include such additional accessibility barriers after conducting a site inspection at the business. (*Id*.)

The Complaint does not definitively identify the date on which Plaintiff allegedly encountered an accessibility barrier at Defendant's business. (*See* Complaint, ¶ 9.) Additionally, the Complaint does not indicate whether it was filed by

**MEMORANDUM IN SUPPORT OF DEFENDANT SANTA SUSANA GRF2, LLC'S MOTION TO DISMISS SECOND CAUSE OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

or on behalf of a high-frequency litigant, nor is the Complaint verified by Plaintiff. (*See generally*, Complaint.) Plaintiff also does not state the number of ADA accessibility claims that he has filed in the previous twelve (12) months or his reason(s) for being in the geographic area of Defendant's business. (*Id*.)

According to PACER, Plaintiff has filed five hundred and forty-two (542) total ADA accessibility cases as of March 3, 2021. Four hundred and seventy-six (476) of those cases were filed in the twelve (12) months prior to the initiation of this action. Three hundred and eighty-eight (388) of Plaintiff's ADA accessibility cases were closed in those same twelve (12) months.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP"), Rule 12(b)(1) provides for dismissal of an action for lack of subject-matter jurisdiction. (*See also* FRCP, Rule 12(h)(3) (stating that "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").) The party asserting jurisdiction bears the burden of establishing jurisdiction. (*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).)

Under 28 U.S.C. § 1367(a), where a district court has original jurisdiction over one or more claims in any civil case, that court also has "... supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, district courts have discretion to decline to exercise supplemental jurisdiction where:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

**MEMORANDUM IN SUPPORT OF DEFENDANT SANTA SUSANA GRF2, LLC'S MOTION TO DISMISS SECOND CAUSE OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

(3) the district court has dismissed all claims over which it has original jurisdiction, or,

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

(28 U.S.C. § 1367(c).) The principles of judicial economy, convenience, fairness, and comity should be considered and weighed by the court in deciding whether to exercise supplemental jurisdiction. (*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).). Other factors that may be considered by the court include, but are not limited to, the circumstances of the particular case, the character of the governing law, the nature of the state law claims, and the relationship between the state and federal law claims. (*City of Chicago v. Int'l Coll. of Surgeon*s, 522 U.S. 156, 172–73 (1997).)

A district court is authorized to decline to exercise supplemental jurisdiction under any one of the four provisions of 28 U.S.C. § 1367(c). (*San Pedro Hotel Co., Inc. v. City of L.A.*, 159 F.3d 470, 478 (9th Cir. 1998).) When the court declines to exercise supplemental jurisdiction over a state law claim pursuant to any one of the first three provisions of 28 U.S.C. § 1367(c), the court is not required to explain its reasoning. (*See San Pedro Hotel Co., Inc.*, 522 U.S. at 478.) However, if supplemental jurisdiction is declined under 28 U.S.C. § 1367(c)(4), the court must "...articulate why the circumstances of the case are exceptional in addition to inquiring whether the [principles of economy, convenience, fairness, and comity] provide compelling reasons for declining jurisdiction in such circumstances." (*Executive Software N. Am. Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1558 (9th Cir. 1994).)

/ / /

/ / /

9

**MEMORANDUM IN SUPPORT OF DEFENDANT SANTA SUSANA GRF2, LLC'S MOTION TO DISMISS SECOND CAUSE OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

1

## IV.  ARGUMENT

2

### A.  Plaintiff's State Law Claims for Monetary Damages Predominate

3

### Over the Claim for Federal Injunctive Relief

4      Courts regularly find claims seeking monetary damages under the Unruh Act to

5  substantially predominate over a federal ADA claim under which a plaintiff's

6  recovery is limited to injunctive relief. (*See e.g. Org. for the Advancement of*

7  *Minorities v. Brick Oven Rest.*, 406 F.Supp.2d 1120, 1131 (S.D. Cal. 2005)

8  (concluding that "...the statutory damages available to [plaintiff] under the Unruh Act

9  substantially predominate over the injunctive relief available under the ADA."),

10  *Molski v. Hitching Post I Rest., Inc.,* No. CV 04-1077 SVW (RNBx), 2005 U.S. Dist.

11  LEXIS 39959 at *23 (C.D. Cal. 2005) (concluding that the plaintiff's "...state claims

12  substantially predominate[d] over his federal ones," due to the statutory damages

13  available to the plaintiff for the alleged violations of the Unruh Act), *Schutza v.*

14  *Alessio Leasing, Inc.*, No. 18cv2154-LAB (AGS), 2019 U.S. Dist. LEXIS 60152 at

15  *8-9 (S.D. Cal. 2019) (finding that the plaintiff's "...state law claim under the Unruh

16  Act substantially predominate[d] over his federal law claim for injunctive relief,"

17  where "[m]oney damages [were] the primary driver of [the] suit."), *Schutza v.*

18  *Cuddeback*, 262 F.Supp.3d 1025, 1030 (S.D. Cal. 2017). This Court has even found

19  monetary damages to predominate over a claim for federal injunctive relief where the

20  plaintiff could only recover money damages for one (1) violation of the Unruh Act.

21  (*Molski v. EOS Estate Winery*, No. CV 03-5880-GAF, 2005 U.S. Dist. LEXIS 39936

22  at *12 (C.D. Cal. 2005) (stating that "[e]ven though Plaintiffs have submitted a notice

23  of voluntary limitation of damages, seeking only an award of $ 4,000 to [plaintiff]...,

24  it is still clear that the claim for damages is the predominant focus of this lawsuit.").)

25      Here, Plaintiff explicitly identifies one (1) alleged accessibility barrier as the

26  factual basis of his ADA and Unruh Act claims. (*See generally*, Complaint.)

27

28

**MEMORANDUM IN SUPPORT OF DEFENDANT SANTA SUSANA GRF2, LLC'S MOTION TO DISMISS SECOND CAUSE OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff's clear intention, however, is to uncover as many potential accessibility barriers as possible. (*See* Complaint, ¶¶ 15, 27.) Under his ADA claim, Plaintiff seeks to recover only injunctive relief and attorneys' fees and costs. (Complaint, Prayer ¶¶ 1-4.) While Plaintiff similarly seeks to recover injunctive relief and attorneys' fees and costs under his Unruh Act claim, he also seeks recovery of actual damages, statutory damages, and "deterrence damages" under such state law claim. (*Id*.)

Specifically, Plaintiff's Unruh Act claim seeks monetary damages of no less than $8,000.00 for each violation thereof that is found to exist at Defendant's business. Inclusive in this $8,000.00 figure is actual and statutory damages of no less than $4,000.00 under California Civil Code § 52(a), and $4,000.00 in "deterrence damages" pursuant to *Johnson v. Guedoir*. (Complaint, Prayer ¶¶ 2-3; Cal. Civ. Code § 52(a) (providing that, for each and every violation of the Unruh Act, a plaintiff may recover "...up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)...."); *Johnson v. Guedoir*, 218 F.Supp.3d 1096, 1100-1103 (E.D. Cal. 2016) (awarding the plaintiff $8,000.00 in statutory damages under California Civil Code § 52(a), inclusive of $4,000.00 for encountering access violations and $4,000.00 for being deterred from attempting to access the business.) Although Plaintiff currently alleges one (1) distinct Unruh Act violation, the Complaint leaves open the possibility for Plaintiff to recover money damages for a limitless number of violations. (*See* Complaint, ¶¶ 15, 27.)

In light of the above, it is clear that the monetary damages sought by Plaintiff, which range from $8,000.00 to an indefinite amount, substantially predominate over the injunctive relief available under the ADA. However, even if Plaintiff sought to recover money damages for only one (1) violation of the Unruh Act, under *Molski v. EOS Estate Winery*, his state law claim for monetary damages would still

**MEMORANDUM IN SUPPORT OF DEFENDANT SANTA SUSANA GRF2, LLC'S MOTION TO DISMISS SECOND CAUSE OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

1  substantially predominate over his claim for federal injunctive relief. (*Molski v. EOS*
2  *Estate Winery*, 2005 U.S. Dist. LEXIS 39936 at *12.)

3      As an additional matter, there does not appear to be any benefit available to
4  Plaintiff under the ADA, that is not also available under his state law Unruh Act
5  claim. Under the ADA, Plaintiff's recovery is limited to injunctive relief and
6  attorneys' fees and costs. (*See Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002)
7  (stating that "[d]amages are not recoverable under [] the ADA, only injunctive relief
8  is available....").) However, Plaintiff can, and in fact, does, seek injunctive relief and
9  attorneys' fees and costs under his Unruh Act claim. (Complaint, Prayer, ¶¶ 1, 4.) It
10 thus appears that Plaintiff's ADA claim was included solely as means to avoid the
11 heightened pleading standards imposed by the State of California for claims brought
12 under the Unruh Act. (*See* Cal. Code Civ. Proc. § 425.50(a)-(b).) That the Complaint
13 fails to comply with such heightened pleading requirements supports this conclusion.[1]
14 For instance, Plaintiff failed to verify the Complaint. (*See* Cal. Code Civ. Proc. §
15 425.50(b)(1).) Plaintiff also failed to conclusively identify the date on which he
16 allegedly encountered an accessibility barrier at Defendant's business. (*See* Cal. Code
17 Civ. Proc. § 425.50(a)(3).) Moreover, Plaintiff is deemed a high-frequency litigant
18 under California law since he filed four hundred and seventy-six (476) accessibility
19 lawsuits within the twelve (12) months prior to the initiation of this action. (*See* Cal.
20 Code Civ. Proc. §§ 425.50(a)(4)(B), 425.55(b)(1).) However, Plaintiff fails to state
21 that the Complaint was filed by or on behalf of a high-frequency litigant. (*See* Cal.
22 Code Civ. Proc. § 425.50(a)(4)(A).) The Complaint similarly fails to identify the
23 number of accessibility claims filed by Plaintiff in the past twelve (12) months and

24

25

---

26  1. Please refer to section IV(B)(i) herein for a complete discussion of California's
27  heightened pleading requirements for Unruh Act claims.

28

**MEMORANDUM IN SUPPORT OF DEFENDANT SANTA SUSANA GRF2,
LLC'S MOTION TO DISMISS SECOND CAUSE OF ACTION FOR LACK
OF SUBJECT MATTER JURISDICTION**

1   the reason(s) why Plaintiff was in the geographic location of Defendant's business.

2   (*See id*.)

3         For the foregoing reasons, Plaintiff's Unruh Act claim substantially

4   predominates over his claim for federal injunctive relief under the ADA. Therefore,

5   Defendant respectfully requests that the Court decline supplemental jurisdiction over

6   Plaintiff's Unruh Act claim. (*See* 28 U.S.C. § 1367(c)(2) (authorizing a district court

7   to decline supplemental jurisdiction over state law claims which "...substantially

8   predominate[] over the claim or claims over which the district court has original

9   jurisdiction.").)

10       **B.**   **Exceptional Circumstances and Compelling Reasons Justify**

11           **Declining Supplemental Jurisdiction under 28 U.S.C. § 1367(c)(4)**

12         **i.**  **California's Interest in Interpreting and Enforcing Novel**

13             **Procedural Rules Presents a Compelling Reason for Declining**
          **Supplemental Jurisdiction**

14         "In 2012, California adopted heightened pleading requirements for Unruh Act

15   accessibility claims in an attempt to deter baseless claims and vexatious litigation."

16   (*Aguirre v. Morales*, No. SACV-20-01663-CJC-(ADSx), 2020 U.S. Dist. LEXIS

17   220451 at *6 (C.D. Cal. 2020) (internal quotations omitted); *see also* Cal. Code Civ.

18   Proc. § 425.50.) Under California's heightened pleading requirements, a plaintiff

19   alleging an accessibility violation is required to "...include specific facts, including

20   the specific barriers encountered or how the plaintiff was deterred and each date on

21   which the plaintiff encountered each barrier or was deterred." (*Aguirre*, 2020 U.S.

22   Dist. LEXIS 220451 at *6-7; *see also* Cal. Code Civ. Proc. § 425.50(a)(1)-(3).)

23   Among other things, a complaint alleging an accessibility violation must also be

24   verified by the plaintiff. (*Aguirre*, 2020 U.S. Dist. LEXIS 220451 at *7; *see also* Cal.

25   Code Civ. Proc. § 425.50(b)(1).)

26   / / /

27

28

13

**MEMORANDUM IN SUPPORT OF DEFENDANT SANTA SUSANA GRF2, LLC'S MOTION TO DISMISS SECOND CAUSE OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

In 2015, California implemented additional restrictions on the filing of Unruh Act accessibility claims by "high-frequency litigants." (*Aguirre*, 2020 U.S. Dist. LEXIS 220451 at *7; *see also* Cal. Code Civ. Proc. § 425.50(a)(4).) In relevant part, California law defines a "high-frequency litigant" as:

> A plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation.

(Cal. Code Civ. Proc. §§ 425.50(a)(4)(B), 425.55(b)(1).) Under California Code of Civil Procedure § 425(a)(4)(A), a high frequency litigant who is a plaintiff[2] is obligated to state: (i) that the complaint was filed by or on behalf of a high-frequency litigant, (ii) the number of complaints alleging a construction-related accessibility claim filed by the plaintiff within the immediately preceding twelve (12) months, (iii) why the plaintiff was in the geographic area of the defendant's business, and (iv) the specific reason(s) why the plaintiff desired to access the defendant's business. (Cal. Code Civ. Proc. § 425.50(a)(4)(A).) A high-frequency litigant fee, requiring a high-frequency litigant to pay a $1,000.00 fee upon filing the initial complaint, was also imposed by the State in 2015. (Cal. Code. Civ. Proc. § 425.50(b)(2), Cal. Gov. Code § 70616.50; *see also Aguirre*, 2020 U.S. Dist. LEXIS 220451 at *7, *Fernandez v. Mw Cell Reit 1 Llc*, No. 2:19-cv-02388-VAP-PJWx, 2019 U.S. Dist. LEXIS 233062 at *5 (C.D. Cal. 2019).)

Unfortunately, as explained by the United States District Court for the Southern District of California (hereinafter referred to as the "Southern District

---

2. A "high frequency litigant" can be either a plaintiff or an attorney. (Cal. Code Civ. Proc. §§ 425.50(a)(4)(B), 425.55(b).)

14

**MEMORANDUM IN SUPPORT OF DEFENDANT SANTA SUSANA GRF2, LLC'S MOTION TO DISMISS SECOND CAUSE OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

Court") in *Schutza v. Alessio Leasing, Inc.*, California courts are rarely given the opportunity to interpret the meaning of and apply the unique provisions of California Code of Civil Procedure § 425.50 "...because creative plaintiffs are able to evade the heightened standards by bootstrapping an Unruh Act claim to a federal ADA claim...." (*Schutza v. Alessio Leasing, Inc.*, 2019 U.S. Dist. LEXIS 60152 at *10.) The Southern District Court also explained that exercising supplemental jurisdiction over Unruh Act claims results in a significant disservice to California's "...strong interest in interpreting and enforcing its own rules without federal courts serving as a convenient end-around for creative litigants." (*See id.* at *12 (stating that the "...creature comforts that make filing in federal court more enticing...hardly outweigh the disservice that is done to California's efforts to implement and interpret its own law when federal courts exercise supplemental jurisdiction over these claims.").) For these reasons, the Court concluded that the principle of comity required the Court to decline supplemental jurisdiction, under 28 U.S.C. § 1367(c)(4), over the plaintiff's Unruh Act claim. (*Schutza v. Alessio Leasing, Inc.*, U.S. Dist. LEXIS 60152 at *12.)

Defendant respectfully requests that this Court adopt the reasoning of the Southern District Court to find: (1) that California's strong interest in interpreting the meaning of and applying its novel pleading standards for Unruh Act claims is an exceptional circumstance, and (2) that the principle of comity requires the Court to decline supplemental jurisdiction over Plaintiff's Unruh Act claim. (*See* 28 U.S.C. § 1367(c)(4) (authorizing a district court to decline supplemental jurisdiction over state law claims where exceptional circumstances present compelling reasons for doing so).

/ / /

/ / /

/ / /

**MEMORANDUM IN SUPPORT OF DEFENDANT SANTA SUSANA GRF2, LLC'S MOTION TO DISMISS SECOND CAUSE OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

1
2

### ii. California's Interest in Protecting its Businesses and Citizens Presents a Compelling Reason to Decline Supplemental Jurisdiction

As discussed herein, heightened pleading standards for claims brought under the Unruh Act were implemented by California in 2012. (*Aguirre*, 2020 U.S. Dist. LEXIS 220451 at *6; *see also* Cal. Code Civ. Proc. § 425.50.) Thereafter, in 2015, California imposed additional limitations on Unruh Act claims brought by high-frequency litigants. (*Aguirre*, 2020 U.S. Dist. LEXIS 220451 at *7; *see also* Cal. Code Civ. Proc. § 425.50(a)(4).) In *Fernandez*, this Court explained that, by implementing restrictions on the filing of accessibility claims, "...California has expressed a desire to limit the financial burdens California's businesses may face for claims for damages under the Unruh Act and other state law theories." (*Fernandez*, 2019 U.S. Dist. LEXIS 233062 at *10) California Code of Civil Procedure § 425.55(a)(2) further evidences the State's desire to protect its businesses, such as Defendant, from abusive litigation, and to protect the interests of innocent disabled persons. Specifically, California Code of Civil Procedure § 425.55(a)(2) provides:

> ...[accessibility] lawsuits are frequently filed against small businesses on the basis of boilerplate complaints, apparently seeking quick cash settlements rather than correction of the accessibility violation. This practice unfairly taints the reputation of other innocent disabled consumers who are merely trying to go about their daily lives accessing public accommodations....

(Cal. Code Civ. Proc. § 425.55(a)(2).)

However, California's ability to protect its businesses and citizens through its heightened pleading standards for Unruh Act claims is undermined when such claims are filed in federal court. As previously explained by this Court:

16

**MEMORANDUM IN SUPPORT OF DEFENDANT SANTA SUSANA GRF2, LLC'S MOTION TO DISMISS SECOND CAUSE OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

> [b]ecause California's heightened pleading standards and increased filing fees do not apply in federal court, plaintiffs can circumvent the restrictions California has imposed on Unruh Act and other claims alleging construction-related accessibility claims simply by relying on [28 U.S.C.] § 1367(a)'s grant of supplemental jurisdiction to file their Unruh Act claims in federal court when they combine construction-related accessibility claims with an ADA claim for injunctive relief.

(*Fernandez*, 2019 U.S. Dist. LEXIS 233062 at *8-10.)

In *Fernandez*, this Court concluded that the State's interest in protecting its businesses from vexatious litigation was an "exceptional circumstance," which presented "compelling reasons" for declining to exercise supplemental jurisdiction over the plaintiff's Unruh Act claim. (*Fernandez*, 2019 U.S. Dist. LEXIS 233062 at *10-15; *see* 28 U.S.C. § 1367(c)(4) (authorizing a district court to decline supplemental jurisdiction over state law claims where exceptional circumstances present compelling reasons for declining jurisdiction.); *see also Brooke v. Grand Pac. Carlsbad LP*, No. 20-cv-1212-CAB-MSB, 2020 U.S. Dist. LEXIS 115189 at *3 (S.D. Cal. 2020) (stating that "California has a strong interest in protecting its citizens and businesses from abusive litigation and also in preventing its own laws from being misused for unjust purposes.").) The principles of fairness and comity were among the "compelling reasons" identified in *Fernandez* for declining to exercise supplemental jurisdiction over the plaintiff's Unruh Act claim. (*Fernandez*, 2019 U.S. Dist. LEXIS 233062 at *13-14.) Concerning the principle of fairness, the Court specifically explained that it was not fair to the defendant to permit the plaintiff to pursue state law accessibility claims in federal court, while evading the state-imposed

---

17

**MEMORANDUM IN SUPPORT OF DEFENDANT SANTA SUSANA GRF2, LLC'S MOTION TO DISMISS SECOND CAUSE OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

restrictions on such claims. (*Id*. at 13.) With respect to comity, the Court stated:

> [t]o allow federal courts to become an escape hatch allowing plaintiffs to pursue such claims—regardless of whether a particular plaintiff or the small number of law firms that frequently pursue these actions currently satisfies the definition of a "high-frequency litigant"—is also an affront to the comity between federal and state courts.

(*Id*. at 13-14.)

As discussed herein, Plaintiff did not comply with the state-imposed pleading requirements for his Unruh Act claim. Accordingly, for the reasons set forth in *Fernandez*, the principles of fairness and comity would be compromised if Plaintiff is permitted to pursue such claim in this Court. Defendant thus respectfully requests that the Court decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.

### iii.   This Court's Interest in Discouraging Forum Shopping Justifies Declining Supplemental Jurisdiction

Following California's adoption of heightened pleading requirements for Unruh Act claims, "[t]he number of construction-related accessibility claims filed in the Central District has skyrocketed both numerically and as a percentage of total civil filings." (*Fernandez*, 2019 U.S. Dist. LEXIS 233062 at *9.) Specifically,

> [a]ccording to statistics compiled by the Clerk's Office, in 2013, the first year in which California's initial limitations on such cases were in effect, there were 419 ADA cases filed in the Central District, which constituted 3% of the civil actions filed. Filings of such cases increased from 928 (7% of civil cases) in 2014, the year before the imposition of the

**MEMORANDUM IN SUPPORT OF DEFENDANT SANTA SUSANA GRF2, LLC'S MOTION TO DISMISS SECOND CAUSE OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

1
2
3
4
5
6
7
8
9

> additional $1,000 filing fee and additional pleading requirements for high-frequency litigants, to 1,386 (10% of civil cases) in 2016, the first full year of those requirements. The number and percentage of such cases filed in the Central District has increased in each year since California acted to limit the filings by high-frequency litigants, reaching 1,670 (12% of civil cases) in 2017, 1,670 (18% of civil cases) in 2018, and 1,868 cases (24% of civil cases) in the first six months of 2019.

10  (*Id*. at *9-10.) The *Fernandez* Court identified the burden of the increasing number of
11  accessibility violation cases filed in federal court as justification for declining to
12  exercise supplemental jurisdiction over the plaintiff's Unruh Act claim under 28
13  U.S.C. § 1367(c)(4). (*Id.* at *10.) The Court also noted that the increase in ADA cases
14  being filed in federal court since 2013 suggested that federal court had become the
15  preferred forum for plaintiffs seeking to evade California's rules on state accessibility
16  claims. (*See id*. at *15 (stating, [that the astronomical growth in the filing of these
17  cases in federal court has coincided with California's limitations on construction-
18  related accessibility claims suggests that it is precisely because the federal courts
19  have not adopted California's limitations on such claims that federal courts have
20  become the preferred forum for them.").)

21       In *Schutza v. Cuddeback*, the Southern District Court similarly found that the
22  Court's interest in discouraging forum-shopping justified its decision to decline
23  supplemental jurisdiction over the plaintiff's Unruh Act claim under 28 U.S.C. §
24  1367(c)(4). (*Schutza v. Cuddeback,* 262 F.Supp.3d at 1031; *see also Brick Oven*
25  *Rest.*, 406 F.Supp.2d. at 1132 (finding that "[b]ecause a legitimate function of the
26  federal courts is to discourage forum shopping...compelling reasons exist to decline

27
28

**MEMORANDUM IN SUPPORT OF DEFENDANT SANTA SUSANA GRF2, LLC'S MOTION TO DISMISS SECOND CAUSE OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

supplemental jurisdiction over plaintiffs' state law claims.").) In reaching such conclusion, the Court relied on the plaintiff's status, under California law, as a high-frequency litigant. (*See Schutza v. Cuddeback,* 262 F.Supp.3d at 1031 (concluding that "..here, where Plaintiff has filed over one hundred disability discrimination cases, and settled more than fifty of them in a two-year period, the Court finds [the federal court's interest in discouraging forum-shopping] to be a compelling reason to decline supplemental jurisdiction.").) The Court also noted that there did not appear to be any benefit to the plaintiff by being in federal court because the sole remedy under the ADA, injunctive relief, was also available under the Unruh Act. (*Id.*)

In the one and one-half (1½) years since this Court's *Fernandez* decision, the number of ADA accessibility cases filed in this Court has continued to rise at an alarming rate. According to PACER, 4,647 total ADA accessibility cases were filed in this Court in 2020. As the number of accessibility claims filed in this Court increases, the burden on this Court increases simultaneously. The increasing burden placed on this Court by plaintiffs seeking to evade California law justifies declining supplemental jurisdiction over Plaintiff's Unruh Act claim under 28 U.S.C. § 1367(c)(4).

Moreover, like the plaintiff in *Schutza v. Cuddeback*, Plaintiff in this action is a high-frequency litigant under California law. (*See* Cal. Code Civ. Proc. §§ 425.50(a)(4)(B), 425.55(b)(1).) A search in PACER indicates that Plaintiff filed four hundred and seventy-six (476) ADA accessibility cases in the twelve (12) months prior to the filing of the Complaint. Three hundred and eighty-eight (388) of Plaintiff's ADA accessibility cases were closed in those same twelve (12) months. Notably, there does not appear to be any reason that Plaintiff included a federal ADA claim in this action other than to avoid the heightened pleading requirements implemented by California for Unruh Act claims. Plaintiff's sole remedy under the

**MEMORANDUM IN SUPPORT OF DEFENDANT SANTA SUSANA GRF2, LLC'S MOTION TO DISMISS SECOND CAUSE OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

1  ADA, injunctive relief, is also available under the Unruh Act. Accordingly, this

2  Court's interest in discouraging forum-shopping justifies declining to exercise

3  supplemental jurisdiction over Plaintiff's Unruh Act claim under 28 U.S.C. §

4  1367(c)(4).

5  **V.    CONCLUSION**

6       For the reasons outlined herein, Defendant respectfully requests that this Court

7  find (1) that Plaintiff's Unruh Act claim substantially predominates over his claim for

8  federal injunctive relief, and (2) that there are exceptional circumstances and

9  compelling reasons not to exercise supplemental jurisdiction over Plaintiff's Unruh

10  Act claim. Accordingly, Defendant also requests that the Court grant this motion to

11  dismiss Plaintiff's second cause of action for lack of subject matter jurisdiction.

12

13  Dated: March 5, 2021                    **ANDREW RAUCH, APC**

14

15

16                                         /s/  *Andrew Rauch*

17                                         Andrew K. Rauch, Esq.
                                            Attorneys for Defendant,
18                                         SANTA SUSANA GRF2, LLC

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM IN SUPPORT OF DEFENDANT SANTA SUSANA GRF2,
LLC'S MOTION TO DISMISS SECOND CAUSE OF ACTION FOR LACK
OF SUBJECT MATTER JURISDICTION**